IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY S. LUCERO,

    Petitioner,

v.                                                      Civ. No. 20-733 RB/GBW

DWAYNE SANTISTEVAN, *et al*,

    Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Petitioner Jeremy S. Lucero's 28 U.S.C. § 2254 habeas corpus petition. *See doc. 1* ("Petition"). Petitioner challenges his state convictions for robbery and aggravated burglary based on double jeopardy principles. *See id.* at 5. Having reviewed the Petition *sua sponte* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4"), the Court directs Petitioner to show cause why his Petition should not be dismissed for failure to file it within the one-year statute of limitations.

## I. PROCEDURAL BACKGROUND[1]

In 2013, a jury convicted Petitioner of voluntary manslaughter, aggravated burglary, robbery, aggravated battery, and receiving or transferring a stolen vehicle.

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Lucero's state court criminal dockets, Case No. D-1113-CR-2011-122 and S-1-SC-38009. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

*See* Verdicts in Case No. D-1113-CR-2011-122; *doc. 1-2* at 1-2.   Petitioner appealed his convictions for voluntary manslaughter and aggravated battery, which the New Mexico Court of Appeals reversed.   *See New Mexico v. Lucero*, 346 P.3d 1175, 1180, 1183 (N.M. Ct. App. 2014) (holding that Petitioner had been entitled to a self-defense jury instruction at trial and that "the jury could not have reasonably distinguished distinct factual bases for the voluntary manslaughter charge and the aggravated battery charge).

On remand, the parties reached a plea agreement: Petitioner pled no contest to voluntary manslaughter; and the Government dismissed two other criminal cases involving him (Nos. D-1113-CR-2010-271 and D-1113-CR-2011-80).   *See* Plea and Disposition Agreement in D-1113-CR-2011-122; *doc. 1-2* at 2.   On November 10, 2016, the state court accepted the agreement and sentenced Petitioner to 16.5 years of imprisonment.   *See doc. 1-2* at 2-3 ("Amended Judgment").   Petitioner did not appeal this Judgment.   *See* Docket Sheet in D-1113-CR-2011-122.

A few years later, on March 15, 2019, Petitioner filed a Motion to Vacate Conviction in state court, *see* Motion in D-1113-CR-2011-122, which the state court denied five days later, *see* Order, Motion Denied in D-1113-CR-2011-122.   Petitioner then filed a state habeas petition on May 21, 2019, raising a double jeopardy claim for his robbery and aggravated burglary convictions.   *See doc. 1-1* at ¶¶ 2, 5.   The state

court denied the petition, and the New Mexico Supreme Court denied a petition for a writ of certiorari on December 19, 2019. *See* Order Denying Petition in S-1-SC-38009.

Petitioner filed the instant § 2254 Petition on July 22, 2020. *See doc. 1.* He reiterates the same argument he made in his state habeas petition: his convictions for aggravated burglary and robbery—which were not disturbed on direct appeal, *see Lucero*, 346 P.3d at 1178, 1183—violate double jeopardy principles, *see doc. 1* at 5. Petitioner paid the $5 habeas filing fee, *see doc. 2*, so the matter is ready for initial review.

## II.  TIMELINESS OF THE § 2254 PETITION

Habeas Corpus Rule 4 requires *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition …." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time …." *Id.* As part of the initial review process, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). The statute runs from the latest of the following dates:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing [a petition] created by State action in violation of the Constitution or laws of the United States is removed, if the [petitioner] was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is statutorily tolled (paused) for the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." *Id.* § 2244(d)(2). The running may also be equitably tolled by extraordinary circumstances beyond the control of a petitioner diligently pursuing his claims for post-conviction relief. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner's claim that his aggravated burglary and robbery convictions violate principles of double jeopardy appears to be untimely. As noted above, the state trial court sentenced Petitioner for these and other convictions in its Amended Judgment on November 10, 2016. *See doc. 1-2*. Petitioner did not pursue another direct appeal of this Judgment, so his aggravated burglary and robbery convictions appear to have

4

become final no later than December 13, 2016, the first business day after the expiration of the thirty-day state appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (for purposes of Section 2254, conviction becomes final after time for seeking direct review expires); N.M. R. Ann. 12-201(1) (appeals must be filed within 30 days after entry of judgment); N.M.R Ann. 1-006(A)(1)(c) (when a 30-day appeal period falls on a weekend, the period expires at the end of the next business day). As there appears to have been no tolling activity from December 13, 2016, to December 13, 2017, the one-year limitation period for Petitioner's claim appears to have expired no later than December 13, 2017.[2]

Petitioner did pursue applications for state post-conviction relief in 2019. However, his motion to vacate his conviction and his state habeas petition did not restart or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the [one-year] deadline does not toll the limitations period." (citing *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001))).[3] For these reasons, Petitioner must show cause in

---

[2] Arguably, Petitioner's aggravated burglary and robbery convictions may have become final thirty days after the jury convicted him on these counts in 2013 since he did not challenge these convictions on direct appeal, *see Lucero*, 346 P.3d at 1178 (appealing only the voluntary manslaughter and aggravated battery convictions). Petitioner, though, also argued on appeal that the state trial court erred in denying his requests for a mistrial, *see id.*, which may be read to raise a procedural challenge to his aggravated burglary and robbery convictions. For the purposes of this Order, therefore, the Court measures the statute of limitations from the Amended Judgment.

[3] The Supreme Court has created one exception to this general rule. *See Jimenez v. Quarterman* 555 U.S.

5

writing why his Petition, filed on July 22, 2020, is not time-barred.   Failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice.

IT IS HEREBY ORDERED that within thirty (30) days of entry of this ruling, Petitioner must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

113, 120–21 (2009) (holding a state court order granting an out of time appeal "reset[s] AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal").   The *Jimenez* exception is inapplicable here because Petitioner's direct appeal period was never reopened.