IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY S. LUCERO,

    Petitioner,

v.                                                                             No. 20-cv-0733 RB-DLM

DWAYNE SANTISTEVAN, *et al.*,

    Respondents.

### MEMORANDUM OPINION AND ORDER

    This matter before the Court on Petitioner Jeremy Lucero's 28 U.S.C. § 2254 habeas corpus petition. (Doc. 1.) Lucero challenges his 2016 state convictions based on double jeopardy principles. The Court previously directed him to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year limitation period. Having reviewed the response, the Court will dismiss the Petition.

**I.    BACKGROUND**[1]

    In 2013, a jury convicted Lucero of manslaughter, aggravated battery, burglary, robbery, and receiving or transferring a stolen vehicle. *See* Verdicts in Case No. D-1113-CR-2011-122. On direct appeal, the New Mexico Court of Appeals (NMCA) reversed the convictions for manslaughter and aggravated battery and remanded the matter for a new trial. *See New Mexico v. Lucero*, 346 P.3d 1175, 1178 (N.M. Ct. App. 2015). The parties reached an agreement before trial commenced. Lucero pled no contest to voluntary manslaughter, and the Government agreed to dismiss two other criminal cases involving Lucero, Nos. D-1113-CR-2010-271 and D-1113-CR-

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Lucero's state court criminal dockets, Case No. D-1113-CR-2011-122 and S-1-SC-38009. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

2011-80. *See* Plea and Disposition Agreement in D-1113-CR-2011-122. By a second judgment entered November 10, 2016, the state court accepted the agreement and sentenced Lucero to 16.5 years imprisonment. (*See* Doc. 1-2 at 3 (hereinafter, Amended Judgment).) Lucero did not file a direct appeal following entry of the Amended Judgment. *See* Docket Sheet in D-1113-CR-2011-122.

The state docket reflects there was no activity in Lucero's criminal case for over two years. *See* Docket Sheet in D-1113-CR-2011-122. On March 15, 2019, Lucero filed a state Motion to Vacate Conviction. *See* Motion in D-1113-CR-2011-122. The state court denied the motion five days later. *See* Order, Motion Denied in D-1113-CR-2011-122. Lucero then filed a state habeas petition on May 21, 2019. *See* Habeas Corpus Petition in D-1113-CR-2011-122. The state court denied the petition, and the New Mexico Supreme Court (NMSC) denied certiorari relief on December 19, 2019. *See* Order in S-1-SC-38009.

Lucero filed the instant § 2254 Petition on July 22, 2020. (*See* Doc. 1.) He argues his convictions for burglary and robbery, which were not disturbed on direct appeal, violate double jeopardy principles. (*See id.* at 5.) By an Order entered May 24, 2022, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. (*See* Doc. 4 (Screening Order).) The Screening Order directed Lucero to show cause why the case should not be dismissed. (*See id.*) Lucero filed a show-cause response (Doc. 5), and the matter is ready for review.

II.   DISCUSSION

The Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief[,] . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." *Id.* As part of the initial review process, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a . . . habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the challenged judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended: (1) While a state habeas petition is pending, § 2244(d)(2); (2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B); (3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or (4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D). Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the Amended Judgment was entered November 10, 2016, and Lucero did not pursue another direct appeal. His state convictions therefore became final no later than December 13, 2016, the first business day after expiration of the 30-day state appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271–73 (10th Cir. 2001) (for purposes of Section 2254, conviction becomes final after time for seeking direct review expires); Rule 12-201 NMRA (appeals must be filed within 30 days after entry of judgment); Rule 1-006(A)(1)(c) NMRA (when a 30-day appeal period falls on a weekend, the period expires at the end of the next business day). Absent tolling, the one-year limitation period expired one year later, on December 13, 2017, and the 2020 Petition

is time-barred. Any state tolling motions filed after that date did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after . . . the end of the limitations period").[2]

The Court explained these principles in its Screening Order and set forth the legal standards for statutory and equitable tolling. Lucero does not object to the above timeline. Instead, he seeks equitable tolling based on the COVID-19 pandemic. (*See* Doc. 5 at 3–5.) Lucero alleges the State changed its post-conviction procedures based on COVID-19 and that he lacked library access during lockdowns. (*Id.*) The COVID-19 pandemic began in the United States in 2020. The show-cause arguments therefore fail to explain why Lucero did not file his Petition before expiration of the one-year period in December of 2017.

It appears Lucero believed he could file a timely § 2254 petition within one year after the NMSC denied certiorari relief on December 19, 2019. This is a common misunderstanding. However, as noted above, that state habeas proceeding does not change the result because it was initiated after expiration of the federal habeas limitation period. *See Fisher*, 262 F.3d at 1142–43. And, unfortunately, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally

---

[2] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Lucero's direct appeal period was never reopened in D-1113-CR-2011-122.

does not excuse" an untimely habeas filing. *Marsh*, 223 F.3d at 1229; *see also Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling").

For these reasons, Lucero's show-cause response (Doc. 5) does not establish grounds for tolling. The one-year limitation period expired no later than December 13, 2017, and the 2020 federal habeas proceeding is time-barred. The Court will dismiss the Petition (Doc. 1) with prejudice. The Court will also deny as moot Lucero's requests to amend and for the appointment of counsel, which were raised in the show-cause response. (Doc. 5.) Finally, the Court will deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Jeremy Lucero's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE